986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hugh Anthony LAWRENCE, Defendant-Appellant.
 No. 92-5371.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 14, 1993
Decided: February 17, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-92-9-G)
 James B. Craven, III, Durham, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellees.
 M.D.N.C.
 AFFIRMED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Hugh Anthony Lawrence appeals from his conviction pursuant to a guilty plea on charges of drug trafficking and use of a firearm in the commission of a drug trafficking crime. Lawrence moved for withdrawal of his guilty plea on the gun charge pursuant to Fed. R. Crim. P. 35(d). Because the district court did not abuse its discretion in denying the motion, we affirm.
 
 
 2
 In March 1992 Lawrence pled guilty to the drug trafficking and gun charges. The district court conducted a thorough Fed. R. Crim. P. 11 hearing and accepted the guilty pleas. In April Lawrence moved to withdraw the plea with regard to the gun charge, contending that he had difficulty understanding, and did not agree with the idea of, constructive possession of a firearm. Lawrence admitted during a hearing on the motion that he was guilty of the elements of the crime, but contended that he should not be punished because he did not actually hold the gun during the predicate offense. Lawrence's counsel candidly admitted to the court below that a factual basis for the charge existed.
 
 
 3
 There is no absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S. 1991). Further, it is the defendant's burden to show a "fair and just reason" supporting a motion to withdraw a guilty plea. Id.; Fed. R. Crim. P. 32(d). Six factors guide this Court on whether a defendant has met his burden.
 
 
 4
 Those factors include (1) whether a defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.
 
 
 5
 Moore, 931 F.2d at 248.
 
 
 6
 Because none of the factors is in Lawrence's favor, the court below properly denied the motion. First, Lawrence does not directly contend that his plea was either ignorant or involuntary. He merely contends that he disagrees with the idea of constructive possession of the gun. Second, Lawrence has not shown that he has any credible claim of innocence. To the contrary, he admitted his guilt; he merely disagrees with the legal principle involved. Third, the court below properly pointed out that there was over a month's delay between the plea and the motion to withdraw. Fourth, Lawrence does not contend that he did not receive adequate contact with competent counsel. Fifth, the Government has alleged prejudice, and Lawrence has failed to show that prejudice is unlikely.* Finally, the court below expressly found that granting the motion would inconvenience the court.
 
 
 7
 Lawrence failed to meet his burden to show a fair and just reason for withdrawing his plea. The district court properly denied the motion to withdraw the plea. Further, because his assertion of entrapment was not brought in the district court, it is not properly before this Court. National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988). Therefore, we affirm the judgment of district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Government need not demonstrate prejudice. Moore, 931 F.2d at 248